UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00426-RJC

| | |
|---|---|
| DAVID CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11); Plaintiff's Memorandum in Support, (Doc. No. 12); Defendant's Motion for Summary Judgment, (Doc. No. 13); and Defendant's Memorandum in Support, (Doc. No. 14). The motions are ripe for adjudication.

**I.  BACKGROUND**

A.  Procedural Background

David Carter ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of his social security claim. Plaintiff filed an application for supplemental security income on April 4, 2014, alleging disability since August 1, 2013. (Doc. Nos. 10 to 10-1: Administrative Record ("Tr.") at 11, 169). His applications were denied first on June 4, 2014, (Tr. 90), and again on July 28, 2014 upon reconsideration. (Tr. 102). Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ") on August 28, 2014, (Tr. 112), and an

administrative hearing was held by an ALJ for the Social Security Administration on September 29, 2016, (Tr. 31–58).

Following this hearing, the ALJ found that Plaintiff was not disabled. (Tr. 21). Plaintiff requested a review of the ALJ's decision on January 18, 2017, (Tr. 166), but on May 15, 2017, the Appeals Council denied Plaintiff's request for a review, (Tr. 1–4). Plaintiff exhausted his administrative remedies, and this case is now before the Court for disposition of the parties' cross-motions for summary judgment. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Plaintiff's Memorandum in Support, (Doc. No. 12), were filed on December 14, 2017. Defendant's Motion for Summary Judgment, (Doc. No. 13), and Memorandum in Support, (Doc. No. 14), were filed on February 26, 2018.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under section 1614(a)(3)(A) of the Social Security Act ("SSA"). (Tr. 22). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that his disability began on August 1, 2013 due to shortness of breath; extreme fatigue;

---

[1] Under the SSA, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

2

swollen leg and feet with discoloration; depression; difficulty bending over; difficulty bringing left leg up; difficulty standing and walking for long periods of time; low thyroid; and possible high blood pressure. (Tr. 185).

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 21). In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 20–21).

The ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity from April 4, 2014, the application date. (Tr. 13). At the second step, the ALJ found that the Plaintiff had the following severe impairments: "degenerative

3

disc disease; hypothyroidism; GERD and affective disorder (20 CFR 416.920(c))." (Tr. 13). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." (Tr. 14).

Subsequently, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "medium work" as defined by 20 C.F.R. 416.967(c) except "the claimant needs work that requires only occasional bending, stooping, squatting, balancing and climbing." (Tr. 16). The RFC also stated that Plaintiff "is further limited to simple routine repetitive tasks." (Tr. 16). When making this finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." (Tr. 16). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 216.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Tr. 16). Using this RFC, the ALJ found at the fourth step that Plaintiff could not perform his past relevant work. (Tr. 20). At the final step, however, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 20–21).

Plaintiff argues that the ALJ failed to account for his non-exertional limitations on the ability to stay on task when the ALJ found that Plaintiff had moderate limitations in maintaining concentration, persistence or pace ("CPP"). (Doc. No. 12 at 7). Relatedly, Plaintiff also argues that the ALJ failed to explain why

4

further mental limitations to the RFC, other than the ALJ's limitation to simple routine repetitive tasks, were not necessary. (Id. at 9).

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g) and 1382(c).

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401);

5

see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

Plaintiff first argues that the ALJ erred in determining his mental RFC when, in the face of his moderate limitation in concentration, persistence or pace ("CPP"), the ALJ did not discuss Plaintiff's ability to stay on task. (Doc. No. 12 at 7–11). The Court agrees.

"[T]he ability to perform simple tasks differs from the ability to stay on task." Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). "Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. As a result, Mascio stands for the rule that an ALJ must either adopt a limitation that addresses a claimant's ability to stay on task or explain why such a limitation is unnecessary, even in the face of the claimants CPP limitations. Grant v. Colvin, No. 1:15-CV-00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016). While Mascio held

6

that a limitation to simple tasks does not address a claimant's ability to stay on task, other limitations, such as non-production pace jobs, can.[2] This Court, along with other courts in the Fourth Circuit, have held that a moderate limitation in CPP is adequately addressed by an ALJ when he compounds a limitation to simple routine, repetitive tasks with an additional restriction, such as pace. See, e.g. Corvin v. Berryhill, No. 5:17-CV-92-RJC-DSC, 2018 WL 3738226, at *3 (W.D.N.C. Aug. 7, 2018) (finding that the plaintiff's "moderate difficulty in CPP was sufficiently translated in her RFC because she was limited to 'simple, routine, repetitive task[s] *in a low production, low stress work environment*" (emphasis added)). A limitation in pace addresses a plaintiff's ability to stay on task. Id.

Here, the ALJ assigned Plaintiff a moderate limitation in CPP but limits Plaintiff to simple routine repetitive tasks. (Tr. 16). Differing from the case examples cited above, the ALJ here did not include additional limitations in Plaintiff's RFC, such as a limitation relating to pace. (Tr. 16). Standing alone, this limitation fails to address Plaintiff's ability to stay on task. Therefore, the Court must look to the ALJ's decision to determine if he adequately explained why Plaintiff did not require a

---

[2] See Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017); Jarek v. Colvin, 3:14-CV-620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015) adopted by 2016 WL 626566 (W.D.N.C. Feb. 16, 2016) aff'd by 2017 WL 129024 (4th Cir. 2017); Gordon v. Berryhill, No. 3:16-cv-130, 2017 WL 5759940, 2017 U.S. Dist. LEXIS 195089, at *6–7 (W.D.N.C. Nov. 28, 2017); White v. Colvin, No. 1:14-CV-161-RLV, 2016 WL 1600313 (W.D.N.C. Apr. 21, 2016); Horning v. Colvin, No. 3:14-CV-722-RJC, 2016 WL 1123103 (W.D.N.C. Mar. 21, 2016); Linares v. Colvin, No. 5:14-cv-120-GCM, 2015 U.S. Dist. LEXIS 93291, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015).

limitation addressing the ability to stay on task or require additional limitations to compensate for Plaintiff's moderate difficulties in CPP. Upon reviewing the ALJ's decision, the hearing transcript, and the record, the Court finds these explanations absent from the ALJ's decision. And thus, the Court is left to guess why the ALJ did not address Plaintiff's ability to stay on task in his RFC or include additional limitations in the RFC. This "guessing" is what <u>Mascio</u> prohibits.

Defendant emphasizes that the ALJ included a lengthy description of Plaintiff's consultative psychological examination conducted by Dr. Chad Ritterspach and that the ALJ ascribed great weight to this examination. (Tr. 18). This is true. However, in reviewing this narrative, the findings reported only relate to Plaintiff's limitations in concentration and persistence—evidence regarding Plaintiff's ability to stay on task or maintain pace is absent. For example, the ALJ noted that Dr. Ritterspach found that Plaintiff's "thought process was logical and grounded" and "[h]is memory and concentration were within normal limits." (Tr. 18). Additionally, the ALJ included that Dr. Ritterspach reported that Plaintiff "could understand, retain and follow directions" and "appeared able to sustain attention to perform simple, repetitive tasks." (Tr. 18). The ALJ's decision noted that Dr. Ritterspach further opined that Plaintiff "had adequate ability to tolerate the mental stress and pressures associated with day-to-day work activity." These findings relate to Plaintiff's ability to concentrate and persist in performing work-related tasks. They do not reveal anything regarding Plaintiff's ability to stay on task for a full eight-hour work day for a full work week.

Examining Dr. Ritterspach's report itself, which the ALJ significantly relied on in his decision, the report seems to demonstrate that Plaintiff did have difficulties in maintaining pace. In his report, Dr. Ritterspach stated that Plaintiff "appeared to be an accurate source of information about his difficulties." (Tr. 325). Later, Dr. Ritterspach noted that, "[r]egarding [Plaintiff's] ability to maintain an effective pace during daily activities, [Plaintiff] reported, 'I am slower.'" (Tr. 326). Nevertheless, the ALJ's decision did not include this finding regarding Plaintiff's pace, nor did it explain why it should be discounted. Given that Dr. Ritterspach deemed Plaintiff's testimony to be seemingly accurate, and that the ALJ deemed Dr. Ritterspach's opinion credible and significant in determining Plaintiff's RFC, an explanation was needed as to why this evidence regarding Plaintiff's pace was discounted and omitted in the RFC analysis.

The ALJ did seem to find the fact that Plaintiff "received no treatment for his depression" and "had no emergency room or inpatient treatment secondary to a mental impairment" telling. (Tr. 18, 325). Nevertheless, this again is insufficient in explaining how and if Plaintiff's moderate limitations in CPP affect his ability to perform work-related tasks for a full eight-hour day. In sum, if the ALJ had found that Plaintiff only had moderate difficulties in maintaining concentration and persistence, this Court would be more apt to find that substantial evidence supports a finding that these limitations do not impede Plaintiff's ability to work. However, because the ALJ found that Plaintiff has moderate mental limitations in concentration, persistence or *pace*, an explanation was needed as to why Plaintiff

9

would be able to stay on task and maintain pace for a full workday and work week.

Plaintiff may very well be able to stay on task for a full work day and work week. However, Mascio mandates a discussion of why a limitation addressing the ability to stay on task was not adopted. The ALJ's opinion lacks such a discussion, and accordingly this frustrates this Court's ability to conduct a meaningful review.

## IV. CONCLUSION

Because the ALJ did not assign Plaintiff a limitation addressing the ability to stay on task in light of a moderate limitation in CPP, he was then obligated to explain why Plaintiff did not require such a limitation. Such an explanation is missing in the ALJ's decision, warranting reversal and remand under Sentence Four of 42 U.S.C. § 405(g). On remand, the ALJ should more fully explain Plaintiff's ability to stay on task and why additional limitations to Plaintiff's RFC are unnecessary to compensate for Plaintiff's moderate difficulties in CPP.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**; and

2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**.

Signed: September 24, 2018

Robert J. Conrad, Jr.
United States District Judge